## Commonwealth *v.* Stanley, Appellant.

Submitted March 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Stuart Schuman* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Louis A. Perez, Jr.,* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted of possession of burglary tools and attempted burglary by a judge sitting without a jury. Post-trial motions were argued and denied. From judgment of sentence this appeal challenging the sufficiency of the evidence followed.

At trial a police officer testified that while on foot patrol he received information over police radio to proceed to a certain address. "On my way down, I was approximately 12, 13 stores away from this location, I observed the defendant coming out of the doorway of a store and walking north on Point Breeze Avenue, where I was walking south. There was a construction site, a pile of sand. I saw the defendant walk over and place something—bend over the sand pile. He continued walking north on Point Breeze Avenue where I apprehended him. . . . It's approximately five stores away from [the doorway]. I apprehended him and patted him down. I brought him back to the scene where I observed in the doorway the screen protecting the window, pried away from the window. . . . I walked to the sand pile, where I observed a screwdriver in the area that the defendant bent over—this screwdriver here."

Appellant testified on his own behalf that he had no connection with the store or screen and that he never was in possession of the screwdriver.

The convictions for possession of burglary tools and attempted burglary were based solely on circumstantial evidence. "[T]he more recent decisions state the rule to be that to warrant a conviction on circumstantial evidence the facts and circumstances established by such evidence must be of such a character as to produce moral certainty beyond a reasonable doubt, but need not be absolutely incompatible with innocence. However guilt must be proved and not be conjectural, and cannot rest solely on suspicion or surmise. *Commonwealth v. LaRue*, 381 Pa. 113, 112 A. 2d 362 (1955)." *Commonwealth v. Feinberg*, 211 Pa. Superior Ct. 100, 113, 234 A. 2d 913, 919 (1967).

"In order to sustain a conviction [for possession of burglary tools], it is clear from the statute[1] that the Commonwealth must establish, beyond a reasonable doubt, the following three elements: (1) Possession by the defendant; (2) the tools are such as are within the purview of the act; (3) possession by the defendant with the intent to use the tools for any of the felonious purposes set forth in the act." *Commonwealth v. Dionisio*, 178 Pa. Superior Ct. 330, 333, 116 A. 2d 109, 110-111 (1955).

In testing the sufficiency of the evidence, this Court must accept as true all the evidence and all reasonable

---

[1] "Whoever has in his possession any tool, false-key, lockpick, bit, nippers, fuse, force-screw, punch, drill, jimmy, or any material, implement, instrument or other mechanical device, designed or commonly used for breaking into any vault, safe, railroad car, boat, vessel, warehouse, store, shop, office, dwelling house, or door, shutter or window of a building of any kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid, is guilty of a misdemeanor, . . ." Act of June 24, 1939, P. L. 872, §904, 18 P.S. §4904.

inferences therefrom upon which, if believed, the fact-finder could properly have based its verdict. *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970). However, in the instant case the Commonwealth established none of the elements of the crime beyond a reasonable doubt. The arresting officer's testimony was so vague and tenuous that he could not assert that appellant was in possession of any object, much less the particular screwdriver. He could only testify that he saw appellant bend over as if to place some object. There are certainly a number of reasonable explanations as to how a screwdriver might be found at a construction site.

Besides the fact that appellant was seen coming out of a doorway, there was no evidence of his relationship to the bent screen. There was no indication whether the radio report which initiated the investigation placed appellant in the doorway or working upon the screen. In fact the officer admitted that he also arrested (and later discharged) another man who had been walking down the street. In short, the circumstances were as compatible with appellant's innocence as his guilt, and the convictions had to "rest solely on suspicion or surmise."

Since the Commonwealth failed to prove appellant guilty of possession of burglary tools and attempted burglary beyond a reasonable doubt, I would vacate the judgment of sentence and discharge appellant.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.