Commonwealth *v.* Stanley, Appellant.

Argued November 17, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John W. Packel*, Assistant Defender, with him *Jonathan Miller*, Assistant Defender and *Vincent J. Ziccardi*, Defender, for appellant.

*Louis A. Perez, Jr.*, Assistant District Attorney, with him *Milton M. Stein*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, September 19, 1973:

Appellant, James Stanley, was convicted of possession of burglary tools and attempted burglary. After post-trial motions were argued and denied, appellant was sentenced to one to three years imprisonment for possession of burglary tools and one to two years for attempted burglary, the sentences to run concurrently. An appeal was taken to the Superior Court, which affirmed the judgment of sentence in an opinionless per curiam order. Judge HOFFMAN filed a dissenting opinion, in which Judge MONTGOMERY and Judge SPAULDING joined. *Commonwealth v. Stanley*, 219 Pa. Superior Ct. 8, 279 A. 2d 224 (1971). We granted allocatur and now we reverse.

This appeal challenges the sufficiency of the evidence to sustain convictions for possession of burglary tools and for attempted burglary. It is axiomatic that "[o]n appeal from a criminal conviction, the test for

sufficiency of the evidence is: 'whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.' Commonwealth v. Oates, 448 Pa. 486, 489, 295 A. 2d 337 (1972)." *Commonwealth v. Paquette,* 451 Pa. 250, 253, 301 A. 2d 837, 838-39 (1973). *See also Commonwealth v. Williams,* 450 Pa. 327, 301 A. 2d 867 (1973); *Commonwealth v. Wright,* 449 Pa. 358, 296 A. 2d 746 (1972); *Commonwealth v. Agie,* 449 Pa. 187, 296 A. 2d 741 (1972). We also recognize that while the Commonwealth must establish every essential element of a crime beyond a reasonable doubt, this burden may be sustained by means of wholly circumstantial evidence. *Commonwealth v. Amato,* 449 Pa. 592, 297 A. 2d 462 (1972); *Commonwealth v. Bailey,* 448 Pa. 224, 292 A. 2d 345 (1972); *Commonwealth v. McFadden,* 448 Pa. 146, 292 A. 2d 358 (1972); *Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A. 2d 805 (1972). However, conviction must be based on more than mere suspicion or conjecture. *Commonwealth v. Bailey, supra; Commonwealth v. McFadden, supra; Commonwealth v. Garrett,* 423 Pa. 8, 222 A. 2d 902 (1966).

The instant record, read in the light most favorable to the Commonwealth, reveals that at approximately ten o'clock on the night of May 7, 1970, a police officer on foot patrol received information to proceed to 1253 Point Breeze Avenue, Philadelphia. At trial, the testimony of the police officer was as follows:

"On my way down, I was approximately 12, 13 stores away from this location, I observed the defendant coming out of the doorway of a store and walking north on Point Breeze Avenue, where I was walking south. There was a construction site, a pile of sand.

I saw the defendant walk over and place something . . . bend over the sand pile. He continued walking north on Point Breeze Avenue where I apprehended him at Point Breeze and Latona. It's approximately five stores away from 1253 Point Breeze Avenue. I apprehended him and patted him down. I brought him back to the scene, where I observed in the doorway the screen, protecting the window, pried away from the window. He was placed in the wagon.

"I walked to the sand pile, where I observed a screwdriver in the area that the defendant bent over . . . this screwdriver here. Everything was taken down to South Detectives where he was slated as charged."

On cross-examination, the police officer claimed that the screen had been pried open to the extent that a person could squeeze through. Behind the screen, however, the window was boarded up since it had previously been broken. The boarding covering the window showed no evidence of any tampering.

Mrs. Louise Johnson, the owner of the premises, testified that when she left the store at 6:00 p.m., four hours before this incident, the screen was still intact. She was particularly aware that the screen had been intact because her husband had just nailed it down the previous night.

Appellant took the stand in his own defense. He testified that on the evening of May 7, 1970, he had been drinking and had been walking by the doorway in question. Although acknowledging that it may have appeared that he was in the entranceway because of his gait, appellant denied that he had ever entered the particular doorway and denied that he was ever in possession of the screwdriver.

## I. ATTEMPTED BURGLARY

Our review of the record does not permit us to conclude that the Commonwealth offered sufficient evi-

dence that would justify a finding of guilt of attempted burglary. All of the evidence offered tends to establish nothing more than the fact that the arresting officer, who was "12, 13 stores away", observed the appellant walk out of a doorway[1] and then proceed to a pile of sand at a nearby construction site where he bent over as though to place some object. The officer stated that at this point he apprehended the appellant and walked him back to 1253 Point Breeze Avenue where he noticed that a protective screen over a window in the doorway had been pried away. From this testimony, the Commonwealth would have us conclude that the appellant used a screwdriver, which was found by the police officer in the vicinity of the sandpile, to pry back the screen, a screen which had been intact four hours previously. A finding of guilt based upon such tenuous evidence would be purely conjectural.

Appellant's mere presence at the scene where screening over a window had been bent is insufficient to prove him guilty of attempted burglary. Even assuming that the Commonwealth could prove that appellant possessed the screwdriver;[2] there is nothing to indicate that he used it to bend back the screen. The record is devoid of any evidence connecting appellant with the screen. There was no showing that anyone saw appellant tampering with the window. Furthermore, the arresting officer gave no indication of hearing any suspicious noises as he approached the store.

We also note that there was no evidence to show that the screwdriver was the instrument which caused the bending of the screen. The tool or implement used

---

[1] Interestingly, the officer did not, or could not, specifically state that he saw appellant coming out of the doorway of the store which was the subject of the alleged attempted burglary.

[2] See part II of this opinion *infra*.

to pry open the screen could have been a screwdriver but it is as equally possible that a hammer, crowbar or any other similar object was the instrument used. There are many tools and implements which are suitable for bending back a screen and the Commonwealth did not attempt to show that in this instance it was a screwdriver which had been employed. We therefore conclude that the finding of attempted burglary was based solely on suspicion or speculation, which is impermissible. *See Commonwealth v. Bailey, supra,* and cases cited therein.

*Commonwealth v. Cimaszewski,* 447 Pa. 141, 288 A. 2d 805 (1972), although distinguishable on its facts, is illustrative of the extent of the permissible conclusions that a trier of fact may reasonably draw. As summarized by this Court, the evidence in *Cimaszewski* was that at approximately 11:00 p.m. two police officers, responding to a "burglary in progress" report, heard noises coming from within the building, the front door of which had been loosened and a window jimmied. Two men were seen fleeing from the rear of the building one of whom was immediately apprehended and identified as appellant Cimaszewski's brother. At the same time, the second officer proceeded to the rear of the property and while so doing heard noises coming from that area. Investigating the noises, the officer found the appellant standing on top of a nearby shed roof. Under these circumstances, we were satisfied that the evidence was sufficient to find Cimaszewski guilty of attempted **burglary.**

With respect to appellant, however, the evidence is clearly insufficient to sustain his conviction. The crucial factors which distinguish the instant case from *Cimaszewski* are as follows: There is no indication that the radio call received by the arresting officer reported

a burglary in progress; the officer heard no noises coming from the doorway; the officer was unable to specifically place the appellant in the doorway in question; and the appellant was not seen "fleeing" from the scene —at best, he was observed walking from the general direction of the doorway.

Even if we were to accept that the evidence was sufficient to prove that appellant did in fact pry the screen open, there is serious question whether this record supports the requisite intent necessary for attempted burglary. The crime of attempted burglary requires that the attempted entry be accompanied with an intent to commit a felony within. Act of June 24, 1939, P. L. 872, §§901, 1107, 18 P.S. §§4901, 5107. *See Commonwealth v. Ellis*, 349 Pa. 402, 37 A. 2d 504 (1944) (conviction of attempted burglary set aside because of "no evidence of an intention to commit any felonious act"). Here it was apparent prior to the dislodging of the screen that entry could not be gained without removing the boarding from the window. The evidence is uncontradicted that the boarding had not been tampered with and there was a complete absence of any evidence of interruption by any outside circumstances. These facts strongly suggest that there may not have been an intention to enter and commit a felony therein but rather that the intent may have been just the malicious destruction of the screen.

From a review of all of the evidence we are satisfied that the testimony offered was insufficient to sustain the verdict of attempted burglary.

## II. POSSESSION OF BURGLARY TOOLS

In order to sustain a conviction for the possession of burglary tools, the Commonwealth must establish beyond a reasonable doubt: (1) possession by the defendant; (2) tools which are within the purview of the act; and (3) the intent to use the tools for any of the felon-

ious purposes set forth in the act.[3] *Commonwealth v. Dionisio,* 178 Pa. Superior Ct. 330, 333, 116 A. 2d 109, 110-11 (1955); *see Commonwealth v. Cimaszewski, supra.* Because we find that the Commonwealth has failed to establish the possession necessary to support a conviction under Section 904 of the Penal Code, we need not determine whether a screwdriver is a "burglary tool" as that term is used in the statute or whether the appellant had the "intent" to burglarize.

The only evidence offered by the Commonwealth to establish appellant's possession of the screwdriver is the finding of the screwdriver in the general vicinity where the police officer "saw the defendant walk over and place something . . . bend over the sand pile". This evidence is insufficient to prove that appellant possessed the screwdriver in question. While it is possible that appellant did drop the screwdriver, there is certainly not enough evidence to so conclude beyond a reasonable doubt.

---

[3] Act of June 24, 1939, P. L. 872, §904, *as amended,* 18 P.S. §4904 (Supp. 1973-74). This section provides: *"Whoever has in his possession any tool,* false-key, lockpick, bit, nippers, fuse, force-screw, punch, drill, jimmy, or any material, implement, instrument, or possesses a key or device specifically designed to open or break any parking meter, coin telephone or other vending machine dispensing goods or coin operated services including but not limited to washing machines, dryers, dry cleaning machines, extractors or a part thereof or possesses a drawing, print or mold of a key or device specifically designed to open or break any parking meter, coin telephone or other vending machine dispensing goods or coin operated services including but not limited to washers, dryers, dry-cleaning machines and extractors or any other mechanical device, or other mechanical device, *designed or commonly used for breaking into any* vault, safe, railroad car, boat, vessel, motor vehicle, aircraft, warehouse, store, shop, office, dwelling house, or door, *shutter or window of a building of any kind, with the intent to use such tools or instruments for any of the felonious purposes aforesaid,* is guilty of a misdemeanor. . . ." (Emphasis added.)

As the Superior Court dissenters correctly observed: "The arresting officer's testimony was so vague and tenuous that he could not assert that appellant was in possession of any object, much less the particular screwdriver. He could only testify that he saw appellant bend over as if to place some object. There are certainly a number of reasonable explanations as to how a screwdriver might be found at a construction site." 219 Pa. Superior Ct. at 11, 279 A. 2d at 225 (dissenting opinion). Under these circumstances, a finding of possession of the particular screwdriver depends too much on conjecture. As we stated with respect to appellant's attempted burglary conviction, a conviction based wholly on inference and suspicion may not stand. *See Commonwealth v. Bailey, supra,* and cases cited therein.

Accordingly, the order of the Superior Court and the judgment of sentence entered in the court of original jurisdiction are reversed and the appellant is ordered discharged.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN concurred in the result.