419 A.2d 70

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert WILLIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed March 7, 1980.

Elias B. Landau, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction of robbery, aggravated assault, and criminal conspiracy following a non–jury trial. Appellant's lone contention is that the only evidence directly implicating appellant in the crime, which was provided by his juvenile accomplice, Shawn Kelly, was patently incredible and could not justify a finding of guilty beyond a reasonable doubt. We disagree and will affirm.

Approximately at 5:00 p. m. on January 28, 1978, Simone Sigillito, an elderly gentleman, was entering his apartment building in Philadelphia when he was attacked by two young men. The pair of thugs punched and kicked the old man, tore his pants, stole his wallet, and fled. The crime was immediately reported to the police who arrested Shawn

Kelly in the vicinity. Kelly was alone when arrested, but Mr. Sigillito identified Kelly as one of the assailants when the police returned Kelly to the scene.

Kelly at first was taciturn concerning the robbery and assault, but the thought of his accomplice fully enjoying the proceeds of the crime with none of the punishment, and the prospect of being certified for trial as an adult, encouraged a "remorseful" attitude in Kelly.[1] When promised that he would not be certified for trial as an adult in return for his cooperation, Kelly confessed and identified appellant as his accomplice.

Both at the preliminary hearing and at trial Mr. Sigillito was not able to identify appellant as the other assailant, but Kelly's testimony identifying appellant as his partner in crime was strong, sure, and unwavering. The only aspect of his testimony which could be shaken was a collateral matter concerning when Kelly first implicated appellant. At the preliminary hearing Kelly had testified that the hearing itself was the first occasion he had to identify appellant as his accomplice. At trial he corrected this error, admitting that he had identified appellant prior to the preliminary hearing in a discussion with the police. Kelly explained the discrepancy in his testimony stating that the question had simply confused him at the preliminary hearing.[2]

Relying especially on our decision in *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973), appellant contends that a variety of factors fatally undermined Kelly's credibility and rendered the finding of guilt conjectural. Specifically, appellant contends the following factors, when taken together, required a verdict of not guilty: (1) Kelly's

1. Kelly had committed a juvenile offense previously and had been adjudicated incorrigible approximately one and one–half years earlier. Over the Commonwealth's objection at trial, appellant was permitted to impeach Kelly's credibility by proving the offense. But see *Commonwealth v. Katchmer*, 453 Pa. 461, 465–66, 309 A.2d 591, 594 (1973).

2. In light of the fact that Mr. Sigillito was unable to identify appellant, it was apparent even at the hearing that Kelly must have informed in order for the police to have arrested appellant and charge him with the crime.

involvement in the crime;[3] (2) Kelly's prior adjudication of incorrigibility;[4] (3) Kelly's failure to implicate appellant initially;[5] (4) Kelly's incorrect testimony at the preliminary hearing; and (5) Kelly's cooperation in return for treatment as a juvenile offender.

■ The cases are legion which have repeated the injunction that no verdict of guilty may rest merely upon suspicion, surmise or conjecture. See, e.g., *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973); *Commonwealth v. Bailey*, 448 Pa. 224, 292 A.2d 345 (1972). This rule may apply to the testimony of a witness which is "so contradictory and fantastic to be incredible . . . . *Commonwealth v. Osborne*, 433 Pa. 297, 301, 249 A.2d 330, 332 (1969). See also *Commonwealth v. Bennett*, supra. But, these are rare instances indeed where an appellate court, especially, will overturn the judgment of the fact–finder concerning the credibility of the witnesses for the Commonwealth. "It is a basic tenet of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution." *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978). See also *Commonwealth v. Sullivan*, 436 Pa. 450, 456, 263 A.2d 734, 737 (1970), *cert. denied*, 400 U.S. 882, 91 S.Ct. 127, 27 L.Ed.2d 120 (1970). Simply put, it is not our function to substitute our judgment for that of the fact–finder on factual matters, especially credibility, and we will not do so except under the most egregious of circumstances. *Commonwealth v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975); *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973).

■ It is true, in *Commonwealth v. Bennett*, supra, we found the accomplice–witness sufficiently patently incredi-

---

3. While the testimony of an accomplice should be received with caution and carefully scrutinized, standing alone it may nevertheless be sufficient to find guilt beyond a reasonable doubt. *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Bradley*, 449 Pa. 19, 295 A.2d 842.

4. See note 1, supra.

5. He did not incriminate himself, either, until he was promised to be treated as a juvenile offender.

ble to warrant vacating the judgment of sentence; but, we did so only after pointedly quoting *Commonwealth v. Bartell*, 184 Pa.Super. 528, 537, 538, 136 A.2d 166, 172 (1973):

> "a case should not go to the jury where the party having the burden offers testimony of a witness, or of various witnesses, which is so contradictory *on the essential issues* that any finding by the jury would be a mere guess . . when the testimony is so contradictory on the basic issues as to make any verdict based thereon pure conjecture the jury should not be permitted to consider it." *Commonwealth v. Bennett*, 224 Pa.Super. at 240, 303 A.2d at 221. (Emphasis added.)

In the instant case the allegedly contradictory testimony of Kelly hardly went to an "essential issue" of the case and, we are convinced, was sufficiently explained under the circumstances of this case so as to do little damage to Kelly's credibility.[6] The remaining factors appellant cites as militating against Kelly's credibility are also insufficient to compel an acquittal. With regard to the remaining alleged disabilities to Kelly's credibility, similar factors were at work, and rejected, in *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976). Indeed, if anything, Farquharson presented a stronger case for reversal than the instant case. Here, it is clear beyond peradventure of doubt that two men robbed Mr. Sigillito, and while there were certainly inducements for Kelly to identify his accomplice, there were no inducements for Kelly to *falsely* identify his accomplice. Had he been caught in such a fabrication, he most assuredly would have been tried as an adult. Furthermore, appellant and Kelly had been friends for a dozen years, and no motive for implicating appellant as opposed to his "actual" accomplice appears in the record.

Consequently, we find there was more than enough credible evidence to support the verdict of guilt in this case.

Judgment of sentence affirmed.

6. Once again, his failure to implicate appellant from the outset was perfectly consistent with his refusal to incriminate himself.