J-S55036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                  Appellee     :
                                          :
            v.                     :
                                          :
RENE VEGA, : 
                                          :
               Appellant    :     No. 2053 EDA 2015

Appeal from the Judgment of Sentence May 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0010724-2012

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:               **FILED OCTOBER 18, 2016**

      Appellant, Rene Vega, appeals from the Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his convictions after a bench trial of Persons Not to Possess Firearms, Carrying a Firearm Without a License, and Carrying a Firearm in Public in Philadelphia.[1] Appellant challenges the sufficiency of the evidence to support his possession of the firearm in question. After careful review, we reverse.

      The facts, as gleaned from the trial court's Pa.R.A.P. 1925(a) Opinion and the trial record, are as follows. On June 23, 2012, in response to a radio call, Philadelphia Highway Patrol Officers Cedric Carter and Scott Holmes arrived at the intersection of E Street and East Westmoreland Street

---

[1] 18 Pa.C.S. § 6105; 18 Pa.C.S. § 6106; and 18 Pa.C.S. § 6108, respectively.

*Former Justice specially assigned to the Superior Court.

in Philadelphia. Officer Carter saw Appellant and another male leaving a barbershop located near the corner. After exiting the police car, Officer Holmes immediately detained the other male. Officer Carter followed Appellant as he walked back into the barbershop, and Officer Carter saw Appellant then enter the public bathroom and exit five to ten seconds later. The public bathroom is open to anyone in the barbershop. According to Officer Carter, Appellant was not adjusting his pants or drying his hands as he was leaving the bathroom and he appeared nervous. After Officer Carter asked Appellant what he was doing, Appellant "said he [had] had to use the bathroom." N.T. Trial, 2/27/15, at 9-11.

Officer Carter detained Appellant for investigation and entered the bathroom, a five-by-five-foot room containing a toilet, sink, and a dropped tile ceiling approximately nine feet high. Trial Court Opinion, filed 12/3/15, at 2-3. Once in the bathroom, Officer Carter observed the butt of a revolver sticking out from above a displaced ceiling tile. He recovered the revolver, which was loaded with two live rounds and three spent casings. The gun was not tested for fingerprints or DNA evidence. Officer Carter did not test Appellant's hands for gunshot residue or otherwise protect them for later testing. *See* N.T. at 9-16, 22-25.

Appellant was arrested and charged with the above crimes. At Appellant's waiver trial on February 27, 2015, Officer Carter admitted on cross-examination that he never saw a bulge in Appellant's waistband or

elsewhere on his body that would indicate that the Appellant had a firearm on his person before he entered the public bathroom. *Id*. at 18. Officer Carter also testified that approximately twenty seconds passed from the time he exited his patrol car to when he saw the Appellant approach the bathroom, and at no point did he see Appellant reach for his waistband or otherwise make movements indicating Appellant was in possession of a weapon. *See id*. at 9-11, 18, 22.

Officer Carter also testified that he did not know the number of people in the barbershop when he pulled up or shortly before the radio call. There were, however, two or three people in the basement of the barbershop, which was accessible from an outside door. *Id*. at 16, 27-28. *See also* Trial Court Opinion at 2. The officer further testified that he did not hear any ceiling tiles moving, and did not know if any other ceiling tiles were removed or out of place. *N.T.* at 22-23. He also did not check the toilet for urine. *Id*. at 24-25.

Counsel stipulated that: (1) Appellant is 5'9" tall; (2) the firearm Officer Carter recovered from the ceiling was operable and loaded; and (3) Appellant is prohibited from possessing a firearm under Section 6105. *Id*. at 33; Trial Court Opinion at 3.

The trial court found Appellant guilty of all charges and on May 18, 2015, sentenced him to an aggregate term of incarceration of time served to 23 months, followed by 5 years' probation.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Did the Court err by finding [Appellant] guilty of Possession of Firearm (18 § 6105), Firearms not to be carried W/O License (18 § 6106), and carrying Firearms in Public (18 § 6108)? Was the evidence insufficient? Officer Carter never secured the weapon for fingerprints or any DNA analysis, or tested the [Appellant's] hands for gunshot residue.

Appellant's Brief at 3 (capitalization omitted).[2]

Appellant challenges the sufficiency of the evidence supporting each of his firearms convictions. We review claims challenging the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, "there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014).

_____

[2] The Commonwealth argues that Appellant's Rule 1925(b) Statement failed to preserve his sufficiency challenge because it did not specify the elements upon which the evidence was insufficient. Commonwealth's Brief at 5-7. We decline to find Appellant's claim waived because the issue is relatively straightforward and obvious from the record, the certified record is short, and the trial court's Rule 1925(a) Opinion accurately identifies and addresses the pertinent issue. *See Commonwealth v. Laboy*, 936 A.2d 1058, 1060 (Pa. 2007) (issues raised in a vague Rule 1925(b) statement may nonetheless be preserved for appellate review if: (1) the case is relatively straightforward; (2) the certified record is short; (3) it is obvious from the record what the pertinent issues are; and (4) the trial court accurately identifies and addresses the pertinent issues in a Rule 1925(a) Opinion.).

The trial court found Appellant guilty of the firearms offenses codified at 18 Pa.C.S. §§ 6105(a)(1) 6106(a)(1) and 6108.  These statutes provide:

**§ 6105.  Persons not to possess, use manufacture, control, sell or transfer firearms**

**(a) Offense defined.**—

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

**§ 6106.  Firearms not to be carried without a license**

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, … without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

**§ 6108.  Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
    (1) such person is licensed to carry a firearm; or
    (2) such person is exempt from licensing under section 6106 of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108.

Appellant specifically challenges the evidence supporting the possession element of these offenses. This Court has held that, "Possession can be found by proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999). Where a defendant is not in actual possession of the recovered firearm, the Commonwealth must establish that the defendant had constructive possession to support the conviction:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. [] We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citations omitted).

It is well established that, "As with any other element of a crime, constructive possession may be proven by circumstantial evidence." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996). In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the weapon.

It is insufficient to infer "dominion and control" when the Commonwealth only provides evidence of the defendant's presence. *See Commonwealth v. Valette*, 613 A.2d 548, 551 (Pa. 1992) (holding mere

- 6 -

presence at a place where contraband is found or secreted is insufficient standing alone to prove constructive possession). Moreover, if the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession. *Id*.

"It is well settled that facts giving rise to mere 'association,' 'suspicion' or 'conjecture,' will not make out a case of constructive possession." *Id*. *See generally Commonwealth v. Stanley*, 309 A.2d 408 (Pa. 1973) (stating that evidence that defendant was observed walking out of a doorway near a bent window screen, which had been pried away, and putting an unknown object into a nearby sand pile, which was later found to be a screwdriver, was insufficient for possession of burglary tools); *cf*. *Commonwealth v. Davis*, 480 A.2d 1035 (Pa. Super. 1984) (upholding evidence as sufficient to support possession of heroin where police entered second floor and observed defendant exit bathroom, police heard commode flushing, and police recovered heroin from the commode).

Appellant argues that the Commonwealth failed to present sufficient circumstantial evidence to establish that Appellant constructively possessed the firearm.[3] Specifically, he avers:

_____

[3] We note that the Commonwealth did not argue that Appellant actually possessed the firearm. N.T. Trial, 2/27/15, at 39 (prosecutor stating "obviously, this is circumstantial evidence and this is a constructive

*(Footnote Continued Next Page)*

- 7 -

Appellant Rene Vega made no movements to indicate to Officer Carter that he has a weapon on him at any point. Officer Carter does not see a bulge in the pants, shorts, or shirt of Appellant Vega. Appellant Rene Vega then goes into the bathroom. He is in the bathroom for what Officer Carter believes is a brief period of time. Officer Carter hears nothing going on in the bathroom. He does not hear a ceiling tile being pushed over.

Appellant Vega is five feet, nine inches tall. The ceiling is at least nine feet high, according to Officer Carter. Appellant Rene Vega would not have been able to reach up, secrete a gun in the ceiling tile, move the tile, and come back out of the bathroom in that short period of time.

The weapon was not secured for fingerprints, or any DNA analysis. There was no testing of the hands of Appellant Vega for gunshot residue. The bathroom was open to the public, other people had access to it. There was insufficient evidence to convict him. There is nothing to connect Appellant Rene Vega to that gun. There is no nexus by physical evidence, by sight, or by sound. There is just mere presence in a bathroom where a gun is later recovered from.

Appellant's Brief at 7.

The trial court concluded that the Commonwealth had presented sufficient evidence to establish that Appellant had constructive possession of the firearm. Trial Court Opinion, filed 12/3/15, at 4-7. The trial court concluded that Appellant "displayed the power to control the firearm and the intent to exercise that control [because h]e was the only one inside the bathroom, which is a small 5x5 room with one toilet and sink, and the

_(Footnote Continued)_ _____

possession case. No one is denying that because no one sees the defendant with a gun.").

location of the firearm is consistent with the [time frame] that [Appellant] used to hide the firearm in the ceiling." *Id*. at 6.

Contrary to the trial court's conclusion, even when we view the evidence in the light most favorable to the Commonwealth as verdict winner, we cannot conclude that the evidence was sufficient to prove that Appellant possessed, constructively or actually, the firearm.

The evidence did not prove Appellant actually possessed the firearm, which the Commonwealth conceded. N.T. Trial, 2/27/15, at 39. Officer Carter did not observe Appellant in possession of the firearm and he did not observe any bulges or reaches to his waistband prior to Appellant's entry into the public bathroom. *Id*. at 18, 22, 25-27. Officer Carter did not observe Appellant secrete the firearm; nor did he hear any sounds consistent with Appellant standing on the toilet or sink, moving a ceiling tile, or otherwise secreting the weapon. *Id*. at 22-23.[4]

The Commonwealth only established that police observed Appellant in close proximity to a firearm recovered from a public bathroom. From this fact, the trial court erroneously inferred that it was the Appellant who placed

_____

[4] The Commonwealth includes two additional "facts" in its "Counter-Statement of the Case" which are not part of the certified record. *See* Commonwealth's Brief at 2. During the trial, the Commonwealth attempted, at least twice, to elicit testimony about these facts and the trial court specifically struck from the record such testimony. *See* N.T., at 8-9. We, thus, disregard the Commonwealth's references to these excluded facts. *See* Pa.R.A.P. 1921 (Note) (citing *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974)).

the firearm in the ceiling and thus exercised dominion. These facts amounted to "mere association, suspicion, or conjecture." Appellant's mere presence in a public bathroom where the police found a weapon after the Appellant exited, without more, is insufficient to establish the element of possession.

In light of the above facts, the Commonwealth's circumstantial evidence was insufficient to prove that Appellant constructively possessed the firearm. Because the trial court's conclusion was not supported by sufficient evidence, even when viewing that evidence in the light most favorable to the Commonwealth, we are constrained to reverse Appellant's Judgment of Sentence.

Judgment of Sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

PJE Stevens files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016