J-S70009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN P. MCKEOWN, | |
| Appellant | No. 1186 EDA 2015 |

Appeal from the Judgment of Sentence of April 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006301-2014
and CP-51-CR-0006302-2014

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

JUDGMENT ORDER BY OLSON, J.:          **FILED NOVEMBER 02, 2016**

Appellant, Brian P. McKeown, appeals from the judgment of sentence entered on April 10, 2015.  We affirm.

The factual background and procedural history of this case is as follows.[1]  On March 23, 2014, at approximately 1:45 p.m., Appellant and his son attempted to burglarize a residence on Nautilus Road in Philadelphia. Appellant broke the lock on the back door of the residence with a hammer and then fled the scene.  On June 9, 2014, Appellant was charged via

---

[1] Appellant's notice of appeal included both docket numbers CP-51-CR-0006301-2014 and CP-51-CR-0006302-2014.  In his brief, however, Appellant indicates that he is only challenging his convictions from docket number CP-51-CR-0006302-2014. *See* Appellant's Brief at 16.  Accordingly, we only discuss the factual background and procedural history of the convictions from that docket number.

criminal information with attempted burglary,[2] attempted trespass,[3] conspiracy to commit burglary,[4] criminal mischief,[5] and possessing an instrument of crime.[6] On January 15, 2015, Appellant proceeded to a bench trial and was found guilty of all five charges. On April 10, 2015, Appellant was sentenced to an aggregate term of three to six years' imprisonment. This timely appeal followed. Appellant presents one issue for our review, "Was the evidence insufficient to convict Appellant?" Appellant's Brief at 3.

Appellant's lone issue challenges the sufficiency of the evidence. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). "When reviewing the sufficiency of the evidence, this Court is tasked with determining whether the evidence at trial, and all reasonable inferences derived therefrom, are sufficient to establish all elements of the offense beyond a reasonable doubt when viewed in the light most favorable to the Commonwealth[.]" ***Commonwealth v. Haney***, 131 A.3d 24, 33 (Pa. 2015) (citation omitted).

---

[2] 18 Pa.C.S.A. §§ 901, 3502.

[3] 18 Pa.C.S.A. §§ 901(a), 3503.

[4] 18 Pa.C.S.A. §§ 903, 3502.

[5] 18 Pa.C.S.A. § 3304(a)(2).

[6] 18 Pa.C.S.A. § 907(a)

"The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Coleman**, 130 A.3d 38, 41 (Pa. Super. 2015) (internal quotation marks and citation omitted).

Appellant argues that there was insufficient evidence to link him to the attempted burglary on Nautilus Road. He contends that he and his son were knocking on doors in the neighborhood seeking work. Appellant cites **Commonwealth v. Stanley**, 309 A.2d 408 (Pa. 1973), for the proposition that evidence of a broken door lock is insufficient to find a defendant guilty of attempted burglary. The Commonwealth, however, presented sufficient evidence tying Appellant to the attempted burglary. At trial, James Norton, a neighbor, testified that he witnessed Appellant and his son attempting to burglarize the residence. N.T., 1/15/15, at 15. This Court has held that eyewitness identification of a defendant is sufficient to prove a defendant was the perpetrator of an offense. **See Commonwealth v. Kendricks**, 30 A.3d 499, 509 (Pa. Super. 2011), *appeal denied*, 46 A.3d 716 (Pa. 2012). Appellant's argument goes to the weight of the evidence, not its sufficiency. **See Commonwealth v. Brewington**, 740 A.2d 247, 251 (Pa. Super. 1999), *appeal denied*, 758 A.2d 660 (Pa. 2000). Accordingly, there was sufficient evidence to convict Appellant.

Judgment of sentence affirmed.

J-S70009-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016