J-S83021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                     :         PENNSYLVANIA
                     :
          v.              :
                     :
                     :
OCTAVIN JONES            :
                     :
          Appellant   :     No. 2638 EDA 2016

Appeal from the Judgment of Sentence August 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005723-2013

BEFORE:  GANTMAN, P.J., OLSON and DUBOW, JJ.

MEMORANDUM BY OLSON, J.:          **FILED MARCH 08, 2018**

Appellant, Octavin Jones, appeals from the judgment of sentence entered on August 8, 2016, as made final by the denial of his post-sentence motion that same day.  We affirm.

The factual background of this case is as follows.  On March 16, 2013, Appellant sprayed Khaliq Poles ("Poles") and Niger Connelly ("Connelly") with vodka while at the Aura nightclub.  Poles and Connelly confronted Appellant who then called over several of his friends.  One of these friends punched Poles and a fight ensued.  Eventually, Poles made it to his vehicle.  Appellant then entered the front passenger seat of a second vehicle and fired multiple shots at Poles while the vehicle fled the scene.  Poles was not struck by the gunfire.

The procedural history of this case is as follows. On March 17, 2016, the Commonwealth charged Appellant via criminal information with eight offenses, *inter alia*, aggravated assault[1] and conspiracy to commit aggravated assault.[2] On March 24, 2016, Appellant was convicted of those two offenses. On August 8, 2016, the trial court sentenced Appellant to an aggregate term of 7 to 18 years' imprisonment. After the trial court pronounced the sentence, Appellant orally moved for a new trial based on the weight of the evidence. The trial court denied the oral post-sentence motion. This timely appeal followed.[3]

Appellant presents five issues for our review:

1. [Was the evidence] insufficient to establish that Appellant attempted to cause serious bodily injury to [Poles]?

2. [Was the evidence] insufficient to establish that Appellant conspired to cause serious bodily injury to [Poles]?

3. Did the [trial] court [abuse its] discretion by denying Appellant's post-sentence motion asserting that [his] conviction for aggravated assault was against the weight of the evidence when the Commonwealth's witnesses at trial gave inconsistent testimony regarding the identity of the shooter?

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] 18 Pa.C.S.A. §§ 903, 2702.

[3] On August 22, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Appellant did not file a timely concise statement. This Court, therefore, remanded the case with instructions to file a concise statement. On February 17, 2017, Appellant filed a concise statement. On June 28, 2017, the trial court issued its Rule 1925(a) opinion. Appellant included all of his appellate issues in his concise statement.

4. Did the [trial] court [abuse its] discretion by denying Appellant's post-sentence motion asserting that [his] conviction for conspiracy to commit aggravated assault was against the weight of the evidence when [Appellant's co-conspirator] was . . . acquitted of all charges including conspiracy to commit aggravated assault?

5. Did the [trial] court [abuse its] discretion by sentencing Appellant to [7 to 18 years' imprisonment] when the sentencing guidelines called for [five to six years'] incarceration?

Appellant's Brief at 4-5 (complete capitalization removed).

Appellant's first two issues challenge the sufficiency of the evidence. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Johnson**, 160 A.3d 127, 136 (Pa. 2017) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Grays**, 167 A.3d 793, 806 (Pa. Super. 2017) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence." **Commonwealth v. Waugaman**, 167 A.3d 153, 155–156 (Pa. Super. 2017) (citation omitted).

In order to prove the aggravated assault charge, the Commonwealth was required to show that Appellant (1) attempted to cause serious bodily injury to another (2) intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. § 2702(a)(1). Appellant contends the evidence was insufficient to prove that he fired the shots. In other words, he argues that he did not attempt to cause Poles serious bodily injury. This argument is without merit. Sergeant David Ayres, an off-duty police officer who witnessed the shooting, testified that Appellant fired the shots. This evidence alone was sufficient to prove that Appellant was the person who fired at Poles.

Appellant cites several cases, including ***Commonwealth v. Bennett***, 303 A.2d 220 (Pa. Super. 1973) and ***Commonwealth v. Karkaria***, 625 A.2d 1167 (Pa. 1993), in support of his argument that contradictory evidence presented at trial was insufficient to establish guilt. ***Bennett*** and ***Karkaria***, however, are distinguishable from the case at bar. In ***Bennett***, the only witness who testified against the defendant continually changed his story and gave contradictory testimony as to the "essential issues" in the case. ***Bennett***, 303 A.2d at 221 (citation omitted). Thus, this Court found that the evidence was insufficient to convict Bennett. In ***Karkaria***, the Commonwealth relied on the testimony of the complainant. ***Karkaria***, 625 A.2d at 1168 ("The Commonwealth's case-in-chief rested upon the testimony of the complainant[.]"). The complainant's statements and testimony repeatedly

contradicted each other from the time the investigation began through trial. Thus, our Supreme Court found that the evidence was insufficient to convict Karkaria.

In the case at bar, there were no intra-witness contradictions regarding Appellant being the shooter. As such, **Bennett** and **Karkaria** are inapposite. Viewed correctly, Appellant's sufficiency claim is more accurately characterized as a challenge to the credibility and believability of the testimony presented at trial. These challenges are directed at the weight, not the sufficiency of the evidence. **See Commonwealth v. Lopez**, 57 A.3d 74, 80-81 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2013). Hence, we conclude that there was sufficient evidence to convict Appellant of aggravated assault.

In his second issue, Appellant argues that the evidence was insufficient to convict him of conspiracy to commit aggravated assault. In order to convict a defendant of conspiracy to commit an offense, "the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Dantzler**, 135 A.3d 1109, 1114 (Pa. Super. 2016) (*en banc*) (cleaned up). "[A] conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal

confederation." ***Commonwealth. v. Orie Melvin***, 103 A.3d 1, 43 (Pa. Super. 2014) (citation omitted).

In this case, there was overwhelming circumstantial evidence supporting Appellant's conviction for conspiracy to commit aggravated assault. When Appellant got into a confrontation with Poles and Connelly, he called his friends over and those friends proceeded to punch Poles. When they exited the nightclub, Appellant entered the passenger seat of a vehicle. After Appellant opened fire, the person driving the vehicle immediately sped away in an attempt to evade detection and/or apprehension. A logical conclusion from this circumstantial evidence is that Appellant entered into a conspiracy with the driver of the vehicle to shoot at Poles.

Appellant's other arguments related to the sufficiency of the evidence for the conspiracy conviction are wholly unpersuasive. The exact number of individuals involved in the conspiracy and whether they were apprehended is immaterial to proving that a conspiracy existed and that Appellant was a member of that conspiracy. Similarly, the identity of every co-conspirator does not need to be shown in order to prove a conspiracy. Instead, the Commonwealth was only required to prove that Appellant entered into a conspiracy with at least one other person to shoot at Poles. As noted above, the Commonwealth produced such evidence. Accordingly, there was sufficient evidence to convict Appellant of conspiracy to commit aggravated assault.

In his third and fourth issues, Appellant argues that the trial court abused its discretion by denying his post-sentence motion based on the weight of the evidence. "A new trial based on a weight of the evidence claim is only warranted where the verdict is so contrary to the evidence that it shocks one's sense of justice." *Commonwealth v. Akrie*, 159 A.3d 982, 989 (Pa. Super. 2017) (cleaned up). "[W]hen an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017) (citation omitted).

Appellant first contends that the aggravated assault conviction was against the weight of the evidence. He argues that Sergeant Ayres' testimony was not credible for several reasons. First, he notes that an individual standing next to Sergeant Ayres was unable to identify Appellant as the shooter so it was impossible for Sergeant Ayres to have positively identified Appellant. This argument is without merit. Sergeant Ayres, as a trained law enforcement officer, would naturally focus on the shooter's physical characteristics so that he could later identify him.

Second, Appellant notes that Sergeant Ayres stated that there were six casings in the parking lot but only five were found. There are many plausible explanations for this "inconsistency." One casing may have been kicked or picked up by a bystander. Sergeant Ayres may have also simply miscounted.

Either way, it did not affect the core of his testimony – that Appellant was the shooter.

Finally, Appellant notes that he was acquitted of possession of a firearm by a prohibited person and it was not possible for him to fire the rounds if he did not possess the firearm. As this Court has stated,

> inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Consistency in verdicts in criminal cases is not necessary. When an acquittal on one count in an [information] is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity.

***Commonwealth v. Barnes***, 167 A.3d 110, 120 (Pa. Super. 2017) (*en banc*) (citation omitted). In this case, the jury chose not to convict Appellant of possession of a firearm by a prohibited person as an act of lenity. It does not indicate that the verdict was against the weight of the evidence.

The trial court viewed Sergeant Ayres' testimony and determined that convicting Appellant, based on that testimony, did not shock its sense of justice. This was a reasonable determination in light of the evidence presented at trial. Specifically, Poles testified that Appellant entered the passenger seat of the vehicle parked next to him and that the gunfire came from that vehicle. In other words, circumstantial evidence supported Sergeant Ayres' testimony. Accordingly, Appellant is not entitled to relief on his third claim of error.

Appellant also argues that his conspiracy conviction was against the weight of the evidence. First, he contends that the Commonwealth failed to provide any direct evidence of a conspiracy between Appellant and the driver of the vehicle. As noted above, however, direct evidence of a conspiracy is not required for a conspiracy conviction. Circumstantial evidence alone is sufficient to prove a conspiracy existed. *Orie Melvin*, 103 A.3d at 43. As detailed above, in this case the circumstantial evidence of a conspiracy was overwhelming.

Appellant also notes that the driver of the vehicle was acquitted of conspiracy. Appellant argues that this shows that his conviction for conspiracy was against the weight of the evidence. This argument lacks merit. This Court and our Supreme Court "have held that the acquittal of a defendant's sole alleged co-conspirator does not preclude prosecution and conviction of that defendant on a conspiracy charge." *Commonwealth v. Fremd*, 860 A.2d 515, 521 (Pa. Super. 2004), *appeal denied*, 889 A.2d 1213 (Pa. 2005) (collecting cases). In this case, the trial court determined that the Commonwealth failed to prove that the driver conspired with Appellant. It concluded, however, that the jury's finding that Appellant did conspire with the driver did not shock its sense of justice. There is nothing inconsistent with reaching both of these conclusions. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's post-sentence motion with respect to the weight of the evidence.

In his final issue, Appellant challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his [or her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Machicote*, 172 A.3d 595, 602 (Pa. Super. 2017) (citation omitted). Appellant filed a timely notice of appeal, however, he failed to preserve the issue before the trial court. He did not object to the discretionary aspects of his sentence after the trial court announced the sentence nor did he include a discretionary aspects claim in his oral post-sentence motion. Accordingly, we do not reach the merits of his discretionary aspects claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/18