224 Pa. Superior Ct. 238 (1973)
Commonwealth
v.
Bennett, Appellant.
Superior Court of Pennsylvania.
Argued March 13, 1973.
April 12, 1973.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.
*239 Nelson M. Galloway, for appellant.
C. Grainger Bowman, Deputy District Attorney, with him LeRoy S. Zimmerman, District Attorney, for Commonwealth, appellee.
OPINION BY CERCONE, J., April 12, 1973:
Defendant, who was acquitted of the charge of larceny but found guilty of receiving stolen property (an automobile) contends, inter alia, that the lower court erred in refusing to direct a verdict in her favor with regard to the charges brought against her, including that upon which she was found guilty.
Defendant had been a passenger in the stolen automobile while it was being driven by one Harry Jones. Later she had been found driving the vehicle in Philadelphia with Jones as a passenger. Jones, after denials, confessed to the automobile's theft and it was on his testimony that the Commonwealth relied in its proof of charges against defendant. Defendant contends that his testimony was so inconsistent and contradictory as to be insufficient to support a finding of her guilt. We agree.
Jones (who had been contradictory with respect to his own perpetration of the larceny) sought to implicate the defendant by giving several wholly different, conflicting and inconsistent versions of when and how *240 he had told her that the car had been in fact stolen by him. On a previous occasion Jones had denied he had ever conveyed to defendant knowledge of the car's theft. With each new version Jones would recant the previous one and protest that the newest version was in fact the true one. This situation presented the jury not with a mere conflict or contradiction in testimony which was reasonably reconcilable by them, but a situation falling within the rule: ". . . a case should not go to the jury where the party having the burden offers testimony of a witness, or of various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess . . . when the testimony is so contradictory on the basic issues as to make any verdict based thereon pure conjecture . . . the jury should not be permitted to consider it." Commonwealth v. Bartell, 184 Pa. Superior Ct. 528, 537, 538 (1957). (Emphasis added.)
In Commonwealth v. Rex, 147 Pa. Superior Ct. 121 (1942), the prosecutrix's inconsistent statements were held insufficient to permit a jury's finding of defendant's guilt, the court saying: "In the interests of the liberty of the citizens a court may and, in a proper case, should declare the evidence insufficient to convict. Pauli v. Com., 89 Pa. 432; Krause v. Com., 93 Pa. 418; Com. v. Bone, 64 Pa. Superior Ct. 44. A jury cannot be permitted to guess. Even in a civil case where the burden of proof is upon a plaintiff to establish certain facts before recovery can be had and his testimony is so contradictory as to present to a jury no basis for a finding except upon mere conjecture, a nonsuit is properly entered. Goater v. Klotz, 279 Pa. 392, 124 A. 83; Musleva v. Patton Clay M. Co., 338 Pa. 249, 12 A. 2d 554. There is much stronger reason for the application of this principle in a criminal case where the burden is upon the Commonwealth of proving the guilt of the defendant beyond all reasonable doubt.
*241 "To grant a new trial would be vain in this case. No matter what the prosecutrix might say on a second trial, her testimony would stand impeached by her admissions in the record before us, and the court in good conscience would be bound to set aside a second conviction." (Emphasis added.)
We think this reasoning is applicable to the facts of the case now before us. Accordingly, the judgment of sentence following the conviction for receiving stolen goods is hereby reversed.
WRIGHT, P.J., and WATKINS, J., would affirm on the opinion of the court below.