418 A.2d 406

**COMMONWEALTH of Pennsylvania**

v.

**Leon SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Jan. 11, 1980.

John A. DiCicco, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN,* JJ.

STRANAHAN, Judge:

The defendant was convicted of theft of a handgun in a non-jury trial. He has now appealed from the judgment of sentence.

On November 7, 1977 the defendant was present at the home of Michael Romano, the owner of the gun. Also present were Romano's wife and three children.

Another child, Mark, was instructed to clean the handgun which was left in a cardboard box on the kitchen table during the evening of November 7. On the morning of November 8, the gun was missing. The defendant was arrested and charged with theft of the gun.

The Commonwealth's evidence against the defendant consisted of testimony of Mark Romano that he overheard a conversation between the defendant and James Rowell that the defendant stated "it was a nice gun, I would like to have it."

The only eyewitness to the theft of the gun was James Rowell, an individual previously convicted of forgery. He testified he saw the defendant take the gun off the table and put it into his pants.

After a preliminary hearing, the defendant filed a Petition for a Writ of Habeas Corpus. A hearing was held before Judge Stanziani who entered an order dismissing the petition.

Subsequently the case was tried before Judge Stanziani, sitting without a jury, and a verdict of guilty of theft was rendered.

Before trial defendant made a Motion requesting that Judge Stanziani recuse himself since he had previously heard the habeas corpus petition. Defendant admits that no testi-

---

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

mony was offered at the habeas corpus hearing that was not offered at the non-jury trial. His sole claim is one of possible partiality or pre-disposition to find guilt by the judge because of the previous hearing.

The Supreme Court has said that a trial judge should recuse himself from sitting without a jury where "prejudicial information is received in a pre-trial proceeding that would otherwise be inadmissible during the trial of the cause." *Commonwealth v. Goodman*, 454 Pa. 358, 361–362, 311 A.2d 652, 654 (1978). No recusal was ordered where the judge sat at an earlier hearing concerning the voluntariness of defendant's confession. *Commonwealth v. Green*, 464 Pa. 557, 347 A.2d 682 (1975).

In *Commonwealth v. Lee*, 262 Pa.Super. 280, 291, 396 A.2d 755, 760 (1978) the court stated:

> . . . the [critical] consideration is the type of evidence the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal.

In *Commonwealth v. Lee*, supra, the trial judge conducted the suppression hearing. Since there was no evidence at the hearing that was inadmissible at the trial, no recusal was required.

■ In the present case appellant argues that the judge's denial of habeas corpus indicated a predisposition of a guilty finding in the non-jury trial that followed.

The burden of proof in habeas corpus is entirely different than that in a non-jury trial, and therefore, it does not naturally follow that the defendant would be prejudiced at trial by an adverse ruling in the habeas corpus proceeding. *Commonwealth ex rel. Storch v. Maroney*, 416 Pa. 55, 204 A.2d 263 (1964). It may mean nothing more than the hearing judge has found that the burden of proof was not met.

■ In many cases, suppression hearings that result in an adverse ruling to the defendant are forerunners of a guilty verdict at trial because the Commonwealth's case frequently

284

succeeds or fails on the outcome of the suppression hearing. Appellant's argument that an adverse ruling in a pre-trial hearing should cause recusal because it creates the appearance of bias or prejudice is based on the assumption that trial judges are unable to assign to each hearing the purpose it is designed to serve. This we do not believe is so.

As long as there is no highly prejudicial inadmissible evidence at the pre-trial hearing we believe the case will move more expeditiously if it remains with one judge.[1]

The appellant's final two arguments are inter-related in that he claims the trial court erred in giving undue weight to the testimony of James Rowell, a convicted felon, and that the trial court erred in failing to grant the appellant's post trial motions because of the insufficiency of the evidence.

The credibility of witnesses is a matter to be determined by the trier of fact. *Commonwealth v. Farquharson*, 467 Pa. 50 at 59, 354 A.2d 545 (1976).

In *Commonwealth v. Swint*, 465 Pa. 450 at 457, 350 A.2d 851, 855 (1976), the court points out that even though both eyewitnesses for the Commonwealth had been convicted of felonies before the trial, this bears on their credibility and is not a subject of review for this court.

It is true that there is authority for reversal when the evidence offered to support a verdict of guilty is so unreliable and contradictory as to make any verdict based thereon pure conjecture. The court will not let such a verdict stand. *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973). We do not believe, however, the principle of that case is applicable to the present situation since the testimony of James Rowell supports the finding of the trial judge.

For these reasons we do not believe that the trial judge erred in accepting the testimony of James Rowell

1. There are 25 judicial districts in the Commonwealth that have only one judge. If we were to expand the recusal rule as appellant proposes, chaos would result in those one judge counties.

after scrutinizing the witness's credibility and finding that in spite of the witness's previous felony convictions, he was believable.

We affirm the sentence of the lower court.