J-A14013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE R. SCHMIDT, | |
| Appellant | No. 1271 MDA 2014 |

Appeal from the Judgment of Sentence entered June 17, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003819-2013

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 23, 2015**

Bruce Schmidt (Appellant) appeals from the June 17, 2014 judgement of sentence of an aggregate term of 6 to 23 months' imprisonment following a jury trial at which Appellant was found guilty of indecent assault of a complainant less than 13 years of age[1] and corruption of minors.[2]  Appellant now challenges the lower court's failure to grant a motion challenging the weight of the evidence.  After careful review, we affirm.

We set forth a factual summary of this matter as follows:

Mother and Father were the biological parents of the victim, A.C. and her two siblings, B.C. and R.C.  Notes of Testimony, Trial (N.T.T.), 3/11/14,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).
[2] 18 Pa.C.S. § 6301(a)(1)(ii).

at 129-130. A.C.'s parents were divorced and living separately during the events at issue. N.T.T., at 130. Father would not permit Mother to have unsupervised visitations with the children. N.T.T., at 135-36. Father and Mother prepared a visitation agreement that included Appellant as the primary supervisor of Mother's visitations. N.T.T., at 135-36.

The visitations would take place in Appellant's trailer. N.T.T., at 131. The trailer included a bedroom in which Appellant slept, another bedroom at the opposite end of the trailer in which Mother slept, and a pull-out couch on which the three children would sleep. N.T.T., at 231.

Appellant was charged with touching the vaginal area of A.C. during visitations in 2012. A.C. testified that while sleeping Appellant would pick her up and take her into the bedroom. N.T.T., at 102. Her siblings, B.C. and R.C. corroborated her testimony when they testified that Appellant would take A.C. to his bedroom while they were sleeping. N.T.T., at 115, 123. Father, Father's girlfriend, and Kari Stanley (the forensic interviewer at the Lancaster County Children's Alliance) produced A.C.'s out of court statements at trial that further supported her testimony. N.T.T., at 132, 146-47, 179. A.C. testified that while in Appellant's bedroom he would touch her. N.T.T., at 103. She said that the touching happened "[i]n my private." N.T.T., at 104. And, that her "private" referenced that part of her body that she uses to pee. N.T.T., at 104.

After a trial by jury, Appellant was found guilty and sentenced as stated above. He filed a post-sentence motion including, *inter alia*, a motion

challenging the weight of the evidence. The trial court denied the post-sentence motion in its entirety. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Appellant now presents the following issue for our review:

> Did the lower court abuse its discretion by failing to grant a new trial on the basis that the guilty verdict was against the weight of the evidence when the totality of the evidence on the basic issues of the case was so inconsistent as to be irreconcilable?

Appellant's Brief, at 4.

We review Appellant's challenge to the weight of the evidence according to the following standards:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citations omitted).

> "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused."

- 3 -

*Commonwealth v. Stollar*, 84 A.3d 635, 650 (Pa. 2014) (citations omitted).

The trial court found the evidence reliable and further corroborated by supporting testimony. Accordingly, the trial court held that Appellant's claim is meritless. Trial Court Opinion (T.C.O.), 10/8/2013, at 2-3. We agree. "[A] case should not go to the jury where the party having the burden offers testimony of a witness, or of various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess." *Commonwealth v. Bennett*, 303 A.2d 220, 221 (Pa. Super. 1973). Appellant argues that the trial court did not apply this rule correctly and in so doing committed reversible error.

Appellant's argument is premised on the assertion that the testimony of Commonwealth's witnesses was so contradictory on the essential issue, common to both offenses, as to amount to an abuse of discretion. *See* Appellant's Brief, at 13-18. To establish this claim, Appellant provides the four following series of testimony which are contradictory in location, manner, and frequency as to the illegal acts:

> She gave multiple accounts regarding the location of "tickle fights" and whether "tickle fights" were the means by which [Appellant] touched her vaginal area:
>
> - The tickle fights occurred only in [Appellant]'s bedroom.
> - The tickle fights occurred only in the living room.
> - When [Appellant] engaged in tickle fights with her, he would touch her vaginal area.

- 4 -

- When [Appellant] touched her vaginal area, it was not in connection with a tickle fight, but was mere "touching."

She gave multiple accounts of the location of the vaginal touching:

- The vaginal touching occurred in only one location, [Appellant]'s bedroom.

- The vaginal touching occurred in two locations, [Appellant]'s bedroom and the back room where [Mother] slept.

She gave multiple accounts of the manner in which [Appellant] touched her vaginal area:

- [Appellant] touched her over her clothing.

- [Appellant]'s fingers came into contact with the bare skin of her "private."

She gave multiple accounts of the frequency of the incidents of vaginal touching:

- The vaginal touching occurred over an extended time period, i.e., "for a while" or "on multiple occasions."

- The vaginal touching occurred on only one occasion.

- The vaginal touching occurred on only two occasions.

*Id*. at 17-18.

Appellant summarizes by stating: "In view of all the foregoing, the contradictions were so great that they were not subject to reconciliation by the jury. The totality of the evidence was so contradictory on the essential issues that the jury's verdict was against the weight of the evidence." Appellant's Brief, at 18.

In ruling on Appellant's motion, the trial court applied the following reasoning:

Here, the [c]ourt did not abuse its discretion by allowing the jury verdict to stand since the verdict was not against the weight of evidence. The [c]ourt viewed the evidence and testimony in the light most reasonable and held a tender years hearing held on March 10, 2014. The [c]ourt held that "With regard to the Commonwealth's Tender Years motion, I do find that the evidence is relevant in terms of this proceeding and that the time, content and circumstances of these statements provide sufficient indicia of their reliability.

Further, the Commonwealth corroborated the victim's testimony with testimony from other witnesses. At trial, the Commonwealth presented evidence that [Appellant] was friends with the victim's mother and had a formal agreement with the victim's father that gave [Appellant] the right of guardianship with the mother when the children would visit at his home. In addition, the victim's siblings [] also testified to visiting and staying at [Appellant]'s home with the victim. Both siblings also testified that the victim slept in [Appellant]'s room.

T.C.O., at 2-3 (citations to the record omitted).

In weighing Appellant's claim, we apply the aforementioned rules. To summarize, the rules state that our review is limited to whether the trial court exercised its judgment in a manifestly unreasonable manner when it concluded that the testimony of Commonwealth's witnesses was not so contradictory on the essential issues as to render the jury's finding a mere guess.[3]

---

[3] **See generally Champney**, 832 A.2d at 408 (holding that appellate review is limited to whether the trial court abused its discretion). **See also Stollar**, 84 A.3d at 650 (defining an abuse of discretion). **Cf. Bennett**, 303 A.2d at 221 (providing the rule which Appellant argues that the trial court applied incorrectly).

The essential issue under scrutiny is the touching of A.C.'s sexual or intimate parts.[4]  This evidence was testified to at trial by the victim and corroborated by other witnesses for the Commonwealth.  The jury was free to believe all, part, or none of the testimony, and as evidenced by the guilty verdict, did believe that Appellant had touched A.C.'s sexual or intimate parts regardless of inconsistencies in location and frequency.  Further, there were no facts in this case which so contradicted the essential issue as to render the jury's finding a mere guess.  Accordingly, we conclude the trial court did not exercise its judgment in a manifestly unreasonable manner when it found that the verdict was not contrary to the weight of the evidence.

Judgment of sentence **AFFIRMED.**

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2015

---

[4] **See** 18 Pa.C.S. § 3126(a)(7).  **See also** 18 Pa.C.S. § 6301(a)(1)(ii).  Indecent contact is defined as, "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person."  18 Pa.C.S. § 3101.