J-S49027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KALVIN DRUMMOND, | |
| Appellant | No. 765 EDA 2015 |

Appeal from the Judgment of Sentence of February 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015052-2012

BEFORE:  PANELLA and OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JULY 22, 2016**

Appellant, Kalvin Drummond, appeals from the judgment of sentence entered on February 6, 2015, as made final by the denial of his post-sentence motion on February 18, 2015.  We affirm.

The factual background of this case is as follows.  On the evening of May 16, 2010, Appellant, Quentin Thompson ("Thompson"), and Seline Akines ("Akines") were driving around the area of 57th and Hunter Streets. The three men discussed the fact that Don McGill ("McGill") owed Thompson approximately $1,000.00 from a previous drug deal.  Appellant and Thompson told Akines that they were going to "get" McGill.  In the early morning hours of May 17, 2010, Appellant, Thompson, and Akines saw McGill and his girlfriend, Camille Geiger ("Geiger") waiting for a trolley at 59th and Lansdowne Streets.  At that time, Appellant and Thompson exited

* Former Justice specially assigned to the Superior Court.

the vehicle with a firearm. McGill was shot four times in the back, causing his death.

The relevant procedural history of this case is as follows. On January 2, 2013, The Commonwealth charged Appellant via criminal information with ten offenses including, *inter alia*, murder,[1] conspiracy to commit murder,[2] and carrying a firearm without a license.[3] At trial, Akines and Geiger both identified Appellant as the shooter. On September 22, 2014, a jury found Appellant not guilty of murder, guilty of conspiracy to commit murder, and guilty of carrying a firearm without a license. On February 6, 2015, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment. On February 13, 2015, Appellant filed a post-sentence motion, which the trial court denied on February 18, 2015. This timely appeal followed.[4]

Appellant presents two issues for our review:

1. Was the evidence presented insufficient to sustain a conviction because the witness['] statements were inconsistent and failed to prove [] Appellant's participation in the alleged crime[s]?

---

[1] 18 Pa.C.S.A. § 2502.

[2] 18 Pa.C.S.A. §§ 903, 2502.

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] On May 21, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Appellant filed his concise statement on August 4, 2015. The trial court issued its Rule 1925(a) opinion on August 26, 2015. Appellant included both issues raised on appeal in his concise statement.

2. Was the weight of the evidence presented insufficient to support [] Appellant's conviction because the witness['] statements were inconsistent?

Appellant's Brief at 5 (complete capitalization omitted).

In his first issue, Appellant argues that the evidence was insufficient to convict him of any offense. Specifically, Appellant argues that the witness' statements were inconsistent. He also argues that the witnesses were offered protective relocation in return for their testimony. He argues that these inconsistent statements, combined with the fact that the witnesses were offered protective relocation in return for their testimony, resulted in insufficient evidence to prove that he conspired to commit the murder. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [] verdict beyond a reasonable doubt." **Commonwealth v. Benito**, 133 A.3d 333, 335 (Pa. Super. 2016) (citation omitted). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder

to decide." *Commonwealth v. Forrey*, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

Appellant cites *Commonwealth v. Bennett*, 303 A.2d 220 (Pa. Super. 1973) and *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993) in support of his argument that the contradictory evidence presented at trial was insufficient to establish guilt. *Bennett* and *Karkaria*, however, are distinguishable from the case at bar. In *Bennett*, the only witness who testified against the defendant continually changed his story and gave contradictory testimony as to the "essential issues" in the case. *Id.* at 221 (citation omitted). Thus, this Court found that the evidence was insufficient to convict Bennett. In *Karkaria*, the Commonwealth relied upon the testimony of the complainant. *Id.* at 1168 ("The Commonwealth's case-in-chief rested upon the testimony of the complainant[.]"). The complainant's statements and testimony repeatedly contradicted each other from the time the investigation began through trial. Thus, our Supreme Court found that the evidence was insufficient to convict Karkaria.

In the case at bar, there were no intra-witness contradictions regarding the essential issues in this case. The only intra-witness contradiction cited by Appellant is Geiger's statements and testimony relating to whether she met or saw Appellant prior to the date of the murder. This was not an essential issue in the case, instead, it was a tangential issue. Thus, any contradiction in Geiger's testimony was not so

significant as to render her testimony unworthy of any weight.[5] Furthermore, Geiger's testimony relating to the essential issues in the case was consistent with Akines' testimony. As such, **Bennett** and **Karkaria** are inapposite. Appellant's alternative sufficiency challenge argues that the Commonwealth's offer to relocate Geiger and Akines made their testimony inherently unreliable. Appellant fails to cite any cases, and we are unaware of any, that stand for the proposition that the Commonwealth's offer of protective relocation renders a witness' testimony insufficient to convict a defendant.

Viewed correctly, Appellant's sufficiency claim is more accurately characterized as a challenge to the credibility and believability of the testimony presented at trial. These challenges are directed at the weight, not the sufficiency of the evidence. **See Commonwealth v. Lopez**, 57 A.3d 74, 80-81 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2013). Appellant's sufficiency argument therefore merits no relief.

Finally, Appellant argues that the verdict was against the weight of the evidence. A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." **In re J.B.**, 106 A.3d 76, 97 (Pa. 2014) (citation omitted).

---

[5] Appellant's counsel cross-examined Geiger and exposed this inconsistency for the jury. **See** N.T., 9/16/14, at 139. This inconsistency may have led the jury to acquit Appellant on the murder charge.

Appellant failed to challenge the weight of the evidence, via written or oral motion prior to sentencing. ***See generally*** N.T., 9/22/14; N.T., 2/6/15. Furthermore, he failed to raise a weight of the evidence claim in his post-sentence motion. ***See generally*** Post-Sentence Motion, 2/13/15 (raising only a claim related to the discretionary aspects of sentencing). Accordingly, Appellant waived appellate review of his weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016