J-S42032-18

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDY HUBBARD, | : | |
| | : | |
| Appellant | : | No. 1835 MDA 2017 |

Appeal from the Judgment of Sentence September 19, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000643-2017

BEFORE:    BOWES, MCLAUGHLIN, AND STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:             **FILED OCTOBER 02, 2018**

Randy Hubbard (Appellant) appeals from the judgment of sentence imposed following his convictions for indecent exposure and open lewdness. We affirm.

The Commonwealth charged Appellant with the above-referenced crimes following an incident at a grocery store on January 9, 2017. We begin with a summary of the facts established by the Commonwealth at the jury trial conducted on September 11-13, 2017.

The victim is an employee of the Sharp Shopper grocery store in Middletown, Pennsylvania. N.T., 9/11-13/2017, at 30. As part of her employment, the victim's duties included pulling cardboard from empty boxes, and stacking items on shelves throughout the store. *Id.* The victim testified that on January 9, 2017, she was stacking boxes of Froot Loops on

*Retired Senior Judge assigned to the Superior Court.

shelves when Appellant approached her and offered his assistance with stacking the boxes. *Id.* at 31-32. According to the victim, after Appellant helped her stack the boxes, he stood in front of her with his penis exposed. *Id.* at 33. Specifically, he stared at her while he pulled his sweatpants down with one hand and held his penis with the other. *Id.* at 33, 35-36. She estimated that he exposed his penis to her for approximately 15 seconds. *Id.* at 36. The victim identified Appellant in the courtroom during the trial, but could not identify the perpetrator out of a photo array when she was brought into the Lower Swatara Police Department following the incident. *Id.* at 34.

Detective Robert Appleby also testified on behalf of the Commonwealth. Detective Appleby indicated that he was employed with the Lower Swatara Police Department at the time of the incident and was assigned to investigate the case. Detective Appleby testified that his objective was to identify the perpetrator who was captured on video surveillance allegedly exposing himself to the victim. *Id.* at 50. Detective Appleby testified that the video depicts a man facing the victim with his shirt up, and approximately 20 seconds later his shirt comes back down. *Id.* at 55-56. According to Detective Appleby, due to the angle at which the video was taken, one cannot see if the man's penis was exposed, but what can be seen on the video is consistent with the victim's description of the incident.

*Id.* at 56, 69. The jury had the opportunity to view clips from the video. *Id.* at 53.

Detective Appleby received information that the perpetrator had a female companion in the store who bought groceries. *Id.* at 50. He obtained a search warrant in order to ascertain the identity of the person who accompanied the perpetrator into the store. *Id.* By using details from credit card transactions from the register where the female companion had checked out, Detective Appleby was able to identify the perpetrator's companion as Kim Hubbard Halbleib, who was later identified as Appellant's sister.[1] *Id.* at 51, 57-59.

Detective Appleby viewed Halbleib's Facebook profile and by looking through the profiles of her friends, he ultimately located Appellant's profile, where he observed a photograph of a man who matched the perpetrator's image on the video. *Id.* at 51-52, 59-60. The photograph was tagged with Appellant's name. *Id.* at 59-60. Detective Appleby went to Appellant's residence, and a woman who identified herself as Appellant's ex-wife said he was no longer living there, but she provided Detective Appleby with Appellant's telephone number. *Id.* at 62. When Detective Appleby called the number, he spoke to a man who identified himself as Appellant and

---

[1] Appellant presented the testimony of Halbleib, who admitted that Appellant accompanied her grocery shopping at Sharp Shopper on January 9, 2017, and separated from her briefly. *Id.* at 89-92, 99.

admitted to being present at Sharp Shopper store around January 9, 2017. *Id.* Appellant denied exposing his penis to the victim and told Detective Appleby that it was possible he was adjusting his pants. *Id.* at 63.

The jury convicted Appellant of the aforementioned crimes. On September 19, 2017, the trial court sentenced Appellant to 18 months of probation. Appellant filed a post-sentence motion challenging the sufficiency and weight of the evidence, which the trial court denied. This timely-filed appeal followed. Both Appellant and the trial court ultimately complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant challenges the sufficiency of the evidence supporting his indecent exposure and open lewdness convictions.[2] Appellant's Brief at 8. He also contends the trial court abused its discretion by denying his post-sentence motion challenging the weight of the evidence. *Id*.

Appellant's sufficiency and weight challenges rest upon similar arguments, so we shall address them together. The crux of Appellant's arguments is that the victim's testimony identifying Appellant as the person who exposed himself to her is so unreliable and/or contradictory that a jury

---

[2] "A person commits indecent exposure if that person exposes his … genitals in any public place or in any place where there are present other persons under circumstances in which he … knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S. § 3127. A person commits open lewdness "if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S. § 5901.

may not base its verdict upon such testimony because it amounts to pure conjecture. *Id.* at 18 (citing **Commonwealth v. Bennett**, 303 A.2d 220 (Pa. Super. 1973) (holding that a verdict may not stand when the only evidence introduced was so unreliable or contradictory that the jury must have based its verdict on conjecture instead of reason)). Appellant specifically points to the victim's failure to identify him in a police photo array, her failure to identify him after the incident during her search of the store despite the fact he was sitting at the front of the store, and her testimony on cross-examination wherein she admitted if the trial judge was sitting next to defense counsel, she would have identified the trial judge as the perpetrator. *Id.* at 16 (citing N.T., 9/11-13/2017, at 46). Appellant further argues that the evidence produced by the Commonwealth was insufficient to establish his identity as the perpetrator of the act in question because "the only positive identification" of Appellant came from Detective Appleby, who identified him based on surveillance video, which only shows him adjusting his shirt. *Id.* at 21-22.

Our standard of review in challenges to the sufficiency of the evidence is to determine

> whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding

- 5 -

a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa. Super. 2015) (citation omitted).

The following standard is applicable to challenges to the trial court's discretion in determining whether the verdict is against the weight of the evidence.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Izurieta*, 171 A.3d 803, 809 (Pa. Super. 2017) (citation omitted).

After reviewing the record, we conclude that Appellant's reliance upon *Bennett* is misplaced. Our Supreme Court has described *Bennett* as follows.

On appellate review of a criminal conviction, we will not weigh the evidence and thereby substitute our judgment for that of the finder of fact. To do so would require an assessment of the

- 6 -

credibility of the testimony and that is clearly not our function. This concept, however, must be distinguished from an equally fundamental principle that a verdict of guilt may not be based upon surmise or conjecture. Following this principle, courts of this jurisdiction have recognized that where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding. [**Bennett**, **supra**]. … The **Bennett** principle is applicable only where the party having the burden of proof presents testimony to support that burden which is either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reason. In the facts of the **Bennett** case, the Commonwealth had predicated its case upon the evidence of one individual. The record clearly established that the testimony of that witness was so contradictory as to render it incapable of reasonable reconciliation and therefore the court properly refused to allow a verdict of guilt to stand.

**Commonwealth v. Farquharson**, 354 A.2d 545, 550 (Pa. 1976).

In the instant case, Appellant's conviction was not premised upon one single witness. There is no dispute that Appellant was present in the store on the morning of the incident. Even Appellant's sister admitted that she and Appellant were present in the store and were both depicted on the video. N.T., 9/11-13/2017, at 96, 98-99.

Through the victim's testimony, the Commonwealth established that a man exposed his penis to her for approximately 15 seconds at the Sharp Shopper grocery store, while staring at her. Although the victim did not identify Appellant at the store after the incident, there is no indication that she saw him during her search of the store. In fact, the victim testified that she did not look at the seats at the front of the store where Appellant claims he was sitting. N.T., 9/11-13/2017, at 44. While the reliability of the

victim's in-court identification of Appellant is questionable based on her admission during cross-examination that she just as easily could have identified the trial judge as the perpetrator, she provided a detailed recollection of the exposure incident itself. The record does not reflect any inconsistencies regarding her description of the incident.

Detective Appleby testified that the man who appears in the video is depicted on video surveillance facing the victim and lifting his shirt up in a manner that was consistent with the victim's description of the event. *Id.* at 56. Detective Appleby also provided extensive testimony detailing his investigative work that led him to conclude that Appellant was the person who exposed his penis to the victim, which included the credit card transaction of Appellant's sister, matching the photograph of Appellant on Facebook to the image in the video, and Appellant's admission on the telephone that he was present at the store. The jury had the opportunity to view the video and the photographs from Facebook to reach its own conclusion regarding whether the video was consistent with the victim's testimony and whether Appellant's Facebook photographs matched the image in the video.[3]  "[T]he Commonwealth may sustain its burden by

---

[3] The record reflects that the Commonwealth entered clips from the video surveillance into evidence as Commonwealth Exhibit 2, and the jury viewed the video while Detective Appleby provided context for what they were viewing.  *Id.* at 53.  Additionally, the Commonwealth entered the photographs viewed by Detective Appleby on Facebook as Commonwealth
*(Footnote Continued Next Page)*

- 8 -

means of wholly circumstantial evidence" and "the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence, coupled with the reasonable inferences drawn therefrom, overcomes the presumption of innocence." **Lopez**, 57 A.3d at 80. Putting these pieces of evidence together, the jury was entitled to conclude that a man exposed his penis to the victim while staring at her, and Appellant was that man.

Thus, when viewing all the evidence at trial in the light most favorable to the Commonwealth, we conclude that the Commonwealth introduced sufficient evidence to establish Appellant's identity as the person who committed the crimes of indecent exposure and open lewdness in the store. Furthermore, the trial court did not abuse its discretion in determining the verdict did not shock its sense of justice.

Judgment of sentence affirmed.

*(Footnote Continued)* ───────────

Exhibits 5-8. **Id.** at 60. We were unable to locate these exhibits in the certified record. "It is an appellant's duty to ensure that the certified record is complete for purposes of review." **Commonwealth v. Reed**, 971 A.2d 1216, 1219 (Pa. 2009). A "failure to ensure that the record provides sufficient information to conduct a meaningful review constitutes waiver of the issue sought to be reviewed." **Commonwealth v. Lopez**, 57 A.3d 74, 82 (Pa. Super. 2012). Thus, any argument that the video is not consistent with the victim's description of the event, or that the photographs and video do not match, is waived by the failure to ensure that the video and photographs were transmitted to this Court as part of the certified record.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018