J-S29006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AYEOLA HAYWARD | : | |
| | : | |
| Appellant | : | No. 1048 EDA 2020 |

Appeal from the Judgment of Sentence Entered March 6, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002394-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 4, 2022**

Ayeola Hayward appeals from the judgment of sentence entered following her conviction for unlawful contact with a minor, indecent assault, rape of a child, and involuntary deviate sexual intercourse with a child. Hayward was found guilty of these crimes following a four-day jury trial and was thereafter sentenced to an aggregate fifteen to thirty years' incarceration.

At trial, the complainant testified he was eleven years old. **See** N.T. 11/6/2019 at 44. He further testified that Hayward lived in the complainant's home for a time and then moved to the complainant's grandmother's home where they would see each other when the complainant spent days there during the summer. **See id**. at 47-48.

---

[*] Former Justice specially assigned to the Superior Court.

He stated he was six or seven years old the first time Hayward victimized him. *See id*. at 55. He was downstairs at his grandmother's house and Hayward called for him to come upstairs and he saw her in the bathroom, where she showed him her chest and asked him to comment on her nakedness. *See id*. at 54. This behavior repeated many times, making the complainant uncomfortable. *See id*. at 56-57. He recalled a specific incident in the bathroom where Hayward made him put his penis in her mouth. *See id*. at 74.

The complainant testified to other incidents as well. Some time after the incidents in the bathroom, Hayward called the complainant from downstairs to come upstairs into his aunt's bedroom. *See id*. at 58. When the complainant entered the room, Hayward was laying down on the bed and pulled her pants down and told him to have sexual intercourse with her. *See id*. at 60. This same situation happened multiple times when the complainant was between the ages of six and seven. *See id*. at 63. Each time Hayward asked him to choose whether to insert his penis into her anus or vagina. *See id*. at 61-63. Eventually, the complainant stopped going to his grandmother's house as frequently and the abuse stopped. *See id*. at 67.

One day, years later, the complainant was watching the news with his mother and heard a story of sexual abuse. *See id*. at 69. His mother asked him if he was ever abused and he became emotional and told her about Hayward's attacks. *See id*. He later attempted to tell people about the abuse

at his grandmother's house but Hayward heard and stopped him, calling the accusations a lie and pushing him to the ground. ***See id***. at 68. Despite the complainant's disclosure, his mother chose not to report the abuse to the police. ***See id***. at 108-109. Later, the complainant was being evaluated by a doctor for his yearly physical when the doctor noticed he had an emotional response to the evaluation and asked the complainant if anything was wrong, to which the complainant responded by again disclosing the abuse, which the doctor reported. ***See id***. at 110-111.

On appeal, Hayward claims that the evidence at trial was insufficient to support a verdict on all charges and that her sentences for indecent assault and unlawful contact are illegal.

We address Hayward's sufficiency claim first. When reviewing a claim that the evidence presented at trial was not sufficient to sustain the verdict, we must view the evidence and all reasonable inferences we can draw from it in the light most favorable to the Commonwealth. ***See Commonwealth v. Steele***, 234 A.3d 840, 845 (Pa. Super. 2020). We must determine whether the evidence, when viewed in this light, was sufficient to prove each element of the offense in question beyond a reasonable doubt. ***See id***. It is not necessary that the evidence presented by the Commonwealth eliminates all possible theories of innocence. ***See id***.  The Commonwealth's burden may be reached by presenting only circumstantial evidence. ***See id***. The jury holds the responsibility to weigh the evidence and as an appellate court we do not

re-weigh the evidence or substitute our judgment of the testimony for the jury's. *See id*.

Here, Hayward does not challenge any specific element of any of her convictions. Instead, her argument is that the complainant's testimony was so unreliable and contradictory that the jury could only speculate about her guilt. Generally speaking, this challenge is best classified as a challenge to the weight of the evidence. However, as Hayward notes, our jurisprudence has recognized this claim as a challenge to the sufficiency of the evidence in extreme cases where a witness provides inherently contradictory testimony or where the basis of the witness's testimony is clearly speculation. *See*, *e.g.*, *Commonwealth v. Bennett*, 303 A.2d 220 (Pa. Super. 1973) (finding inconsistent testimony by Commonwealth's main witness created situation where jury could do nothing but speculate about the defendant's guilt).

This Court has previously described the co-defendant's testimony in *Bennett* that this Court found to be insufficient due to its inherent contradictions:

> several wholly different, conflicting and inconsistent versions of when and how he had told [the defendant] that the car had been in fact stolen by him. On a previous occasion Jones had denied he had ever conveyed to defendant knowledge of the car's theft. With each new version Jones would recant the previous one and protest that the newest version was in fact the true one.

*Com. v. Bibbs*, 970 A.2d 440, 446 (Pa. Super. 2009). Therefore, for testimony to be so inherently contradictory, it must display more than just

- 4 -

inconsistencies, it must involve wholly incompatible stories that the witness claims to be the absolute truth. As such we turn to analyze the crimes at issue and the challenged testimony of the complainant. A person is guilty of indecent assault of a person less than thirteen years of age under 18 Pa.C.S.A. § 3126 (a)(7) when, the "person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: the complainant is less than 13 years of age." Indecent contact is defined as, "Any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

A person is guilty of rape of a child under 18 Pa.C.S.A. § 3121 (c) when, "The person engages in sexual intercourse with a complainant who is less than 13 years of age." Sexual intercourse is defined as, "In addition to its ordinary meaning, includes intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

A person is guilty of involuntary deviate sexual intercourse with a child under 18 Pa.C.S.A. § 3123 (b) when, "The person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." Deviate sexual intercourse is defined as, "Sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal.

The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S.A. § 3101.

A person is guilty of unlawful contact with a minor under 18 Pa.C.S.A. § 6318 (a)(1) if they are, "Intentionally in contact with a minor … for the purpose of engaging in an activity prohibited under … any of the offenses enumerated in Chapter 31 (relating to sexual offenses)".

Here, there was testimony from the complainant establishing multiple occasions of sexual contact, including penetration orally, anally, and vaginally between the complainant and Hayward. **See** N.T. 11/6/2019 at 54-64. The complainant testified that he was six and seven years old when the sexual abuse occurred. **See id**. at 53. He testified that Hayward specifically called him to come upstairs when he was downstairs at his grandmother's house so that she could execute the abuse. **See id**. at 54 and 56. The complainant's testimony was corroborated by the testimony of the medical expert who examined the complainant for physical signs of the abuse he suffered. **See id**. at 14. The doctor also recounted an interview with the complainant where he disclosed the nature of the physical sexual abuse he suffered, including, "Oral genital contact, breast to oral contact, and genital to anal contact." **Id**. at 17. The forensic interviewer who spoke to the complainant testified that he recounted the sexual abuse and described Hayward forcing him to touch her genitalia as well as putting her mouth on his genitalia. **See id**. at 140.

On appeal, Hayward argues that the evidence presented at trial was insufficient to sustain all the charges against her. ***See*** Appellant's Brief at 14. As noted previously, Hayward's sufficiency argument fails to call attention to any specific element which the Commonwealth has failed to prove, simply raising claims of inconsistent testimony. ***See id***. at 15-16. Further, Hayward cites a discrepancy between the complainant's story of how he disclosed the abuse and his mother's testimony of the disclosure. ***See id***. at 16-17.

This discrepancy is far from the wholly incompatible stories told by the co-defendant in ***Bennett***. The complainant's testimony referenced repeated instances of criminal conduct by Hayward that occurred when the complainant was a mere seven years old. That some of the instances were different from the others, and that the complainant is not entirely clear about the circumstances of each criminal episode is not the same as the co-defendant's testimony in ***Bennett***.

We agree with the Commonwealth's assertion that Hayward's challenges to the consistency and credibility of the testimony do not properly invoke a sufficiency claim but would be better suited to a weight of the evidence claim. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-752 (Pa. 2000). However, there is no weight claim before us for review.

When viewed in the light most favorable to the Commonwealth the evidence presented at trial is sufficient to support Hayward's convictions. The

complainant's testimony established all elements of the charges, as outlined above and the jury weighed that evidence, as is their duty. Further, we note that inconsistency between witness' testimony does not equate to insufficient evidence. **See Commonwealth v. Montini**, 712 A.2d 761, 767 (Pa. Super. 1998). We have repeatedly held that even uncorroborated testimony of a sexual assault complainant is sufficient for conviction. **See Commonwealth v. Cramer**, 195 A.3d 594, 602 (Pa. Super. 2018). Here, the complainant's corroborated testimony established all the elements of the charges and was sufficient to sustain the verdict.

Hayward next argues that her sentences for indecent assault and unlawful contact exceed the sentencing court's authority and are illegal. Hayward was sentenced to fifteen to thirty years' incarceration for her conviction of indecent assault of a person less than 13 years of age under 18 Pa. C.S.A. § 3126 (a)(7) and fifteen to thirty years' incarceration for her conviction of unlawful contact with a minor under 18 Pa. C.S.A. § 6318 (a)(1). **See** Order of Sentence, 3/6/2020.

Hayward claims that her conviction for indecent assault, as a third-degree felony, carries a maximum penalty of seven years' incarceration under 18 Pa.C.S.A. § 1103 (3). The trial court concedes that resentencing is appropriate on this charge. **See** Trial Court Opinion, 12/2/2020, at 22. We agree.

For her sentence for unlawful contact with a minor, Hayward argues that because the charge is graded as a first-degree felony, the maximum penalty under 18 Pa.C.S.A. § 1103 (1) is twenty years' incarceration. The gradation for unlawful contact with a minor follows the most serious underlying offense which caused the contact. 18 Pa.C.S.A. § 6318 (b)(1). In this case, Hayward was convicted of two first-degree felonies and one third-degree felony, so the unlawful contact charge was properly graded as a first-degree felony. Hayward argues that just because the underlying offenses of rape of a child and IDSI allow maximum sentences of forty years' incarceration, this does not extend the maximum legal sentence for unlawful contact above the statutory maximum of twenty years' incarceration for a first-degree felony. **See** Appellant's Brief at 21. The trial court reasoned that it correctly increased the sentence for unlawful contact in relation to the statutes for rape of a child and IDSI. **See** Trial Court Opinion, 12/2/2020, at 21-22.

We find no authority to support the trial court's reasoning that it properly increased the sentence for unlawful contact beyond that of a typical first-degree felony under 18 Pa.C.S.A. § 1103 (1). Indeed, § 6318 (b)(1) states merely that the crime of unlawful contact with a minor is to be "graded" as the same grade of the most serious underlying offense. It does not provide that the sentence is to be the same as the underlying offense. We do not see any ambiguity in this language, but even if we did, we must construe the language in favor of Hayward. **See Commonwealth v. Reed**, 9 A.3d 1138,

1142 (Pa. 2010). As a result, the statutory maximum sentence for unlawful contact with a minor in this case was twenty years. **See** 18 Pa.C.S.A. § 1103.

However, we need not remand for re-sentencing. We note that the trial court chose to impose Hayward's sentences concurrently to her fifteen-to-thirty-year sentence for rape of a child. Hayward does not challenge that sentence, and its term is equal to the sentences illegally imposed by the trial court. Further, the Commonwealth concedes that vacating these two sentences will not impact Hayward's overall penalty. **See** Commonwealth's Brief, at 14-5. As a result, we may directly amend the sentences for unlawful contact and indecent assault to their statutory maximums because these amendments will not alter the sentencing scheme and clearly reflect the trial court's intent. **See Commonwealth v. Eberts**, 422 A.2d 1154, 1156 (Pa.Super. 1980) (*per curiam*) ("Where a case requires a correction of sentence, this [C]ourt has the option of either remanding for resentencing, or amending the sentence directly").

We therefore amend the judgment of sentence for Hayward's unlawful contact with a minor conviction to ten to twenty years' incarceration. Similarly, we amend her conviction for indecent assault to three and one half to seven years' incarceration. In all other respects, the sentence is affirmed.

Convictions affirmed. Judgment of sentence amended in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2022