J-S07015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SANTO GOMEZ | : | |
| | : | |
| Appellant | : | No. 401 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 7, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009910-2017

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:              **FILED MAY 9, 2023**

Appellant, Santo Gomez,[1] appeals from the February 7, 2019 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Unlawful Contact with a Minor, Endangering the Welfare of a Child, Corruption of a Minor, and Indecent Assault of a Person Less than 13 Years of Age.[2]  After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On October 18, 2017, the Commonwealth charged Appellant with the above crimes after the granddaughter of Appellant's paramour reported to a social worker that Appellant had been sexually assaulting her.  Appellant waived his

---

[1] We have amended the case caption to reflect that the proper spelling of Appellant's name is "Santo" and not "Santos" as listed on the notice of appeal filed by Appellant's counsel.

[2] 18 Pa.C.S. §§ 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(7), respectively.

right to a jury trial, and on December 7, 2018, the trial court convicted Appellant of each of the charged offenses.

On February 7, 2019, the trial court sentenced Appellant to an aggregate term of 16 to 32 months of incarceration followed by 6 years of probation. Appellant did not file a post-sentence motion or timely appeal from his judgment of sentence.

On January 12, 2022, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* and this appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the Trial Court fail to consider the speculative and contradictory nature testimony sufficiently in handing deal his determination of guilt.

Appellant's Brief at 5 (verbatim).

In his three-paragraph argument to this Court, Appellant recounts the victim's trial testimony and asserts that, because the victim's testimony was uncorroborated with any other testimony or physical evidence, it was insufficient to convict Appellant "of the sexual assault charges in this matter." *Id.* at 9. Appellant concedes that "one can be found guilty in these matters on the value of the alleged victim[']s uncorroborated testimony alone." *Id.* at 10. (citing *Commonwealth v. Cramer*, 195 A.3d 594 (Pa. Super. 2018). Nevertheless, he concludes that "there should be more than mere statements, but solid indicia that the incidents happen[ed]." *Id.*

It is axiomatic that appellate briefs must conform to the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 requires that the argument section "be divided into as many parts as there are questions to be argued" and include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). When discussing record evidence, the Rules require an appellant to set forth a "reference to the place in the record where the matter referred to appears." Pa.R.A.P. 2119(c). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

Here, the court convicted Appellant of four offenses and Appellant challenges them together, in one section of his brief, in contravention of our Rules of Appellate Procedure. Moreover, he has not set forth the statutes defining the elements of the crimes of which he was convicted, nor has he argued with specificity which of the elements of each of the crimes the Commonwealth purportedly failed to prove beyond a reasonable doubt. Additionally, although Appellant refers summarily to trial evidence, he has failed to provide any citations to the record or to apply the facts of this case

to relevant authority.[3]  Because of these significant defects, we are unable to conduct meaningful appellate review.  Appellant's challenge to the sufficiency of the evidence is, thus, waived, and we affirm Appellant's convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023

---

[3] We acknowledge that Appellant provided citation to two cases pertaining to this Court's standard of review of challenges to the sufficiency of the evidence and cited to **Commonwealth v. Bennett**, 303 A.2d 220 (Pa. Super. 1973) (finding inconsistent testimony by the Commonwealth's main witness created a situation where the jury could do nothing but speculate about the defendant's guilt).  He has not, however, applied the holding in **Bennett** to the facts of this case or explained how the court violated **Bennett** in convicting him of the charged offenses.