J-A23043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON ALEXANDER | : | |
| | : | |
| Appellant | : | No. 1189 WDA 2024 |

Appeal from the Judgment of Sentence Entered June 3, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001279-2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:

**FILED: November 12, 2025**

I respectfully concur. I do not agree that Alexander's substantive argument goes to weight, rather than sufficiency. I do agree, however, that his sufficiency argument fails on the merits. I therefore concur.

Alexander's statement of questions contains two issues challenging the sufficiency of the identification evidence, one for each offense. As stated in the statement of questions, the issue is that "the identity testimony presented by the Commonwealth was so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture." Alexander's Br. at 6.

As the majority recounts, although Alexander lists two issues, he presents a single argument section. I agree with the majority that this violation of Pa.R.A.P. 2119(a) does not impede our review and therefore does not warrant a finding of waiver. Alexander's argument section contends that

the identification evidence was so contradictory and unreliable as to render the guilty verdict nothing more than surmise or conjecture. He cites two cases: *Commonwealth v. Farquharson*, 354 A.2d 545, 550 (Pa. 1976), and *Commonwealth v. Bennett*, 303 A.2d 220, 221 (Pa.Super. 1973).

In *Bennett*, the Commonwealth based its case on the testimony of a single witness. The witness was a passenger in a stolen car driven by the defendant. The passenger confessed to stealing the car and implicated the defendant. However, he gave "several wholly different, conflicting and inconsistent versions" of the story. *Id.* at 220. Each time he changed the story, he said the prior version was a lie and that the latest version was the truth. This Court concluded that the "situation presented the jury not with a mere conflict or contradiction in testimony which was reasonably reconcilable by them[.]" *Id.* at 221. Rather, this Court concluded that it was a case that should not have gone to the jury. We explained that this was so because "the party having the burden offer[ed] testimony of a witness, or of various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess[.]" *Id.*

In *Farquharson*, the Pennsylvania Supreme Court acknowledged what it termed "the *Bennett* principle" but found it inapplicable there. The Court explained that Pennsylvania appellate courts cannot reweigh evidence. It stated, however, that that concept "must be distinguished from an equally fundamental principle that a verdict of guilt may not be based upon surmise or conjecture." *Farquharson*, 354 A.2d at 550. The Court concluded that the

***Bennett*** rule did not apply because, although the testimony of the Commonwealth's star witness contained contradictions and she had a motive to lie, "the Commonwealth was able to provide corroboration from a most impressive source, *i.e.*, the mouth of the appellant." ***Id.*** at 551. The Court explained that the evidence was therefore sufficient:

> Thus, although appellant did not admit that she was a part of a conspiracy to murder Dr. Weingrad, her testimony was **sufficient** to provide an indicium of trustworthiness to the testimony of Gloria Burnette on the critical issue **sufficient** to permit the question to be properly left to the trier of fact. Under these circumstances, the reasoning of ***Bennett***, ***supra*** is inapplicable.

***Id.*** at 551-52 (emphasis added, footnote omitted).

Citing ***Bennett***, Alexander argues that the only evidence identifying him as the shooter was the victim's "wholly different, conflicting and inconsistent identifications." Appellant's Br. at 18. He maintains that the victim initially "did not give any description of who shot him," then said the shooter "was a black male wearing all black," and later "insisted that his roommate had knocked on his door, shot him and then fled." ***Id.*** Alexander states that "[f]inally, [the victim] asserted that someone called 'Joe' shot him." ***Id.***

He adds that the victim initially testified that he had no relationship with the shooter, but then on cross-examination had to "backtrack" when defense counsel pointed out that he had [Alexander's] cell phone number, at which point the victim conceded that he "encountered him semi-regularly" and communicated with him in person and by phone. Alexander also points out that the victim first testified he was in the hospital recovering from the

shooting for a year, but when challenged said it was five months, only to claim later that now remembered it was eight days. Shortly thereafter, when again asked, he said it was five months, despite having just said he remembered it was only eight days.

Alexander thus argues that the victim's testimony was "so contradictory on the basic issues as to make any verdict based thereon pure conjecture the jury should not be permitted to consider it." Appellant's Br. at 19 (quoting *Bennett*, 303 A.2d at 221). He maintains that the victim's testimony "fits perfectly with the unreliability standard *Farquharson* enunciated and balance portrayed in *Bennett*." *Id.* at 20.

Alexander's argument goes to sufficiency. He relies on the *"Bennett* principle" the Pennsylvania Supreme Court harkened to in *Farquharson*: "where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding." *Farquharson*, 354 A.2d at 550 (citing *Bennett*, 303 A.2d at 221). This is a rule of sufficiency, not weight of the evidence. *Id.* at 551-52. The argument essentially is that the evidence does not as a matter of law rise to the level of proof beyond a reasonable doubt. Alexander thus presents us with an adequately developed argument that the identification evidence was insufficient as a matter of law.

However, I agree with the majority that Alexander's argument fails on the merits. The majority somewhat inconsistently finds waiver on the one hand for failure to develop a sufficiency argument, while on the other hand

concluding that Alexander's ***Bennett*** argument fails because "the evidence was sufficient to prove Appellant's identity as the person who shot Grimsley." Majority at 9. Regardless, I agree that the victim's various misstatements or inconsistencies were not so great that the factfinder could not reconcile them and find guilt beyond a reasonable doubt.